John ARNOLD, Monesia Youngblood, Individually and as Co–Administrator of the Estate of Corey Ward, Deceased, Plaintiffs–Counter Defendants–Appellees,

v.

Raymond S. BUNN, Individually and in his official capacity as a Police Officer of the City of Atlanta Police Department, Defendant–Counter Claimant–Appellant,

City of Atlanta, a municipal corporation of the State of Georgia, Defendant–Appellant.

No. 13–11470
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 9, 2014.

Hezekiah Sistrunk, Jr., Shean D. Williams, Cochran Firm Atlanta, Atlanta, GA, for Plaintiffs–Counter Defendants–Appellees.

William J. Atkins, David Bruce Fife, Atkins & Fife, LLC, Atlanta, GA, Donald C. English, Southern States PBA, McDonough, GA, for Defendant–Counter Claimant–Appellant.

Robert N. Godfrey, Tamara Nikki Baines, Kristen E. Brooks, Serena Linette Sparks, Lashawn Williams Terry, City of Atlanta Law Department, Atlanta, GA, Karen Woodward, Cruser & Mitchell, LLP, Norcross, GA, for Defendant–Appellant.

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

In this civil rights case, Officer Raymond Bunn appeals[1] the district court's denial of his motion for summary judgment on the basis of qualified immunity and official immunity.[2] In the early morning of July 14, 2002, Bunn and Officer Terry Mulkey allegedly observed Jamal Smith breaking into a car in a parking lot in Atlanta. After the alleged crime, Smith got into an SUV with five other people, including the driver, Corey Ward. Bunn fired two shots at the SUV as it was exiting the parking lot. These shots struck and killed Corey Ward. According to Bunn, he was in fear for his life when he shot Ward. John Arnold and Monesia Youngblood, individually and as co-administrators of the Estate of Corey Ward (Appellees) brought a 42 U.S.C. § 1983 action, alleging Bunn fired his gun at Ward's vehicle when it had already passed Bunn and the vehicle was not a danger or threat to Bunn, or his partner, Mulkey.

After thorough review,[3] we affirm the district court's conclusion that Bunn is not entitled to qualified immunity. "Qualified immunity does not apply where the facts show that the official violated the plaintiff's constitutional rights and where the law clearly established those rights at the time of the alleged misconduct." *Morton v. Kirkwood,* 707 F.3d 1276, 1281 (11th Cir. 2013).

We analyze this claim "under the Fourth Amendment's objective reasonableness standard." *Terrell v. Smith,* 668 F.3d 1244, 1250 (11th Cir.2012) (quotations omitted). Viewing the evidence in the

---

1. Although the City of Atlanta also appeals the district court's denial of qualified immunity to Bunn, as a municipality sued in its official capacity it has no right to immediate interlocutory appeal from a denial of qualified immunity as it cannot assert such a defense.

2. We affirm the district court's conclusion that Bunn is not entitled to official immunity under Georgia law on the basis of its well-reasoned discussion of this issue.

3. "We review a district court's denial of summary judgment on qualified immunity grounds de novo." *Morton v. Kirkwood,* 707 F.3d 1276, 1280 (11th Cir.2013).

light most favorable to the Appellees, as we must at this stage of the proceedings,[4] *see Morton,* 707 F.3d at 1280, Bunn was beside the SUV at the time of the shooting, the vehicle was not being driven at a high rate of speed, was not accelerating or heading toward any person either prior to or during the shooting, and was not being used as a deadly weapon. *See Terrell,* 668 F.3d at 1255. An objectively reasonable officer would not have used deadly force under these circumstances, and therefore Bunn's actions violated Ward's clearly established Fourth Amendment right to be free from excessive force. *See Tennessee v. Garner,* 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (holding a police officer can use deadly force to prevent the escape of a fleeing non-violent felony suspect only when the suspect poses an immediate threat of serious harm to the police officer or others); *Morton,* 707 F.3d at 1282–83.

Thus, we affirm the district court's denial of qualified immunity to Bunn.

**AFFIRMED.**

---

4. "We acknowledge that the facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." *Morton,* 707 F.3d at 1280 (quotations omitted).